*Exhibit "A"*

NO. A-201268

| | |
|---|---|
| James David Salvagio and Beverly Salvagio Plaintiff, | ) IN THE DISTRICT COURT ) ) ) ) 58th  JUDICIAL DISTRICT |
| vs. NEW PENN FINANCIAL, LLC d/b/a/ SHELLPOINT MORTGAGE SERVICING MGTLQ INVESTORS, L.P. MARGIE ALLEN AND DOES 1THROUGH 100, INCLUSIVE Defendants | ) ) JEFFERSON COUNTY, TEXAS ) ) ) ) ) ) |

### PLAINTIFF'S FIRST AMENDED DEMAND TO SHOW CAUSE AND PETITION FOR INJUNCTION, DECLARATORY ACTION AND PERMANENT RESTRAINING ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

James David Salvagio and Beverly Salvagio bring this action for the above

enumerated causes of action and would show the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure,

Plaintiffs intend to conduct discovery in this case under Level 3.

## FACTS

2.      The Plaintiffs are private American Citizens with James David Salvagio residing in Fort Bend County, Texas and Beverly Salvagio residing in Jefferson County, Texas.

3.      The Defendants have sent notice to JAMES D SALVAGIO that it plans to foreclose on that property as listed in Exhibit "A" attached hereto and made a part hereof.

4.      Plaintiff Beverly Salvagio is the owner of said property, as according to the Jefferson County records. See Exhibit "B".

## PARTIES

5.      Plaintiff Beverly Salvagio is a resident of the state of Texas living in the County upon which this action is sought.

6.      Plaintiff James David Salvagio is a resident of the state of Texas with whom the Foreclosure to which this action is premise, in this County.

7.      Defendants NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SRVICING AND MGTLQ INVESTORS, L.P. does business within this County.

8.      Defendants MARGIE ALLEN is a resident of the state of Texas.

## JURISDICTION AND VENUE

9.     The subject matter in controversy is within the jurisdictional limits of this Court.

10.    This Court has personal jurisdiction over this matter because the property which is the subject of this litigation is located in Texas and Defendants are doing business within this state.

11.    Venue in this cause is proper in Jefferson County, Texas pursuant to Section 17.56 of the Texas Business and Commerce Code and Section 15.001 of the Texas Civil Practice and Remedies Code because this action involves real property, and the property is located in Jefferson County, Texas.

12.    According to Section 15 of the Deed of Trust, "any foreclosure under this Deed of Trust shall be in accordance with the laws of the State of Texas.

## COUNT I: WRONGFUL NOTICE OF FORECLOSURE

13.    Plaintiffs' re-alleges and incorporates by reference the foregoing allegations.

14.    Defendants have purposefully, intentionally, and wrongfully instructed

and attempted to carry out a collection action by way of the foreclosure and Substitute Trustee's Non-Judicial Foreclosure Sale in violation of the Texas Finance Code sections 392.301(8) and 392.304 and other various State laws.

15.   On verified information, Defendants have failed to provide requisite notice of the tentative foreclosure sale to proper parties of record for the Subject Property.

16.   **Producing Cause.**   Plaintiffs would show that the acts, practices, and/or omissions complained of were the producing causes of Plaintiffs' damages more fully.

17.   **Written Notice Not Given.** Defendants have not timely notified the proper parties of any foreclosure sale: **Power of Sale Notice Requirements:**

**- Prior to initiating a foreclosure, the lender must send a demand letter requesting the payment of past due amounts which gives the borrower at least twenty (20) days to pay any past due amounts otherwise foreclosure proceedings will begin. (No such demand letter was sent to Plaintiffs)**

- **After the twenty day notice above and at least twenty-one (21) days before any foreclosure sale, further notice of the foreclosure must: (a) be filed with the county clerk in the county in which the property is located; (b) mailed to the defaulting borrower (and other creditors whose liens affect the property) and; (c) be posted at the county court where any sale would occur. (The Acceleration Letter and Notice of Substitute Trustee Sale were sent and received on the same day, January 11, 2018, thereby, not allowing the required 20-day time to cure before sending the Foreclosure Notice.**

## COUNT II: STATUTE OF LIMITATIONS HAS EXPIRED

18.   A statute of limitations (SOL) is a statute (law) that prescribes the period of time during which legal action may be taken. In respect to debt obligations, the statute of limitations sets forth the specific time frames during which the creditor or debt collector can legally sue the debtor.

19.   The statute of limitations on debt for residents of the State of Texas is four (4) years. In Texas, this refers to oral agreements, written contracts, promissory notes and open accounts.

20.   In Texas, the Statute of Limitations clock starts on the day the last payment on the account was made. This is often referred to as the *'date of last activity'* or *DLA*.

21.   The Defendants have confirmed that the loan is due for the May 1, 2011, installment. Therefore, the statute of limitations for legal action on the account would expire on May 1, 2015. On May 2, 2015, the debt no longer carries a legal obligation to pay.

## **DECLARATORY ACTION**

22.   Plaintiff re-alleges and incorporates the preceding paragraphs 1 through 21 as if more fully set forth herein.

## **REQUEST FOR TEMPORARY INJUNCTION**

23.   Plaintiff re-alleges and incorporates the preceding paragraphs 1 through 21 as if more fully set forth herein.

Plaintiffs ask the court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendant.

## **REQUEST FOR PERMANENT INJUNCTION**

24.   Plaintiff re-alleges and incorporates the preceding paragraphs 1 through 21 as if more fully set forth herein. Plaintiffs ask the court to set their request for a permanent injunction for a full trial on the merits and, after the trial, issue a

permanent injunction against Defendants.

## CONCLUSION

When this Honorable Court takes into account the statutes and case law and applies them to the facts of this case and the documents relied on by the Plaintiffs, it is clear why this court should rule in favor of Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS:**

1. That, after a trial on the merits, the Court permanently enjoin Defendants, or any of them, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property of the subject property, reporting the subject property for any other sale, or otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession and enjoyment of the property;

2. Damages in an amount not to exceed the jurisdictional limits of this Court;

3. Economic Damages;

4. Punitive Damages;

5. Additional Treble Damages for all intentional and knowing violations;

6. Exemplary Damages;

7. Equitable Relief;

8. Costs of Court; and

9. All other relief to which Plaintiffs are entitled.

DATED:   March 12, 2018

                                                  Respectfully submitted,


                                                  BY:/S/_____
                                                    James David Salvagio

                                                  James David Salvagio
                                                  3015 S Saddlebrook Ln
                                                  Katy, Texas 77494
                                                  (713) 828-1077
                                                  jsalvagio@gmail.com


                                                  BY:/S/_____
                                                   Beverly Salvagio

                                                  Beverly Salvagio
                                                  3119 Nashville
                                                  Nederland, Texas 77627